*& M. Ry. Co. v. Porter,* 92 Ill. 437, 439; *Hyvonen v. Hector Iron Co.,* 103 Minn. 331, 332; *Union Pac. R. Co. v. Edmondson,* 77 Neb. 682, 685.

Counsel also contend that the declaration is insufficient to support the verdict in that it fails to state sufficient facts showing the duty of the defendants in the premises towards plaintiff's intestate. The declaration consisted of three counts. We think the second count is sufficient at least after verdict. *Smith v. Chicago & E. I. R. Co.,* 99 Ill. App. 296, 300; *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100; *Danley v. Hibbard,* 222 Ill. 88. "Where there is an entire verdict on several counts, the verdict will not be set aside because the declaration contains a defective count if there are one or more counts sufficient to sustain a verdict." *Bennett v. Chicago City Ry. Co.,* 243 Ill. 420, 434.

Finding no reversible error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*

---

## Bernard McQuillen et al., Appellees, v. Matteo Mazzone, Appellant.

### Gen. No. 17,937. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the' Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

### Statement of the Case.

'Action by Bernard McQuillen and others against Matteo Mazzone to recover money claimed to be due as rent for certain premises occupied by defendant. From a judgment for plaintiff for nine hundred and sixty dollars, defendant appeals.

Rocco DeStefano, for appellant.

Louis Shissler and John A. Stagg, for appellees.

Mr. Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 321*—*when certificate of sale to tenant not admissible in suit for rent.* In an action against a tenant in possession for rent, a certified copy of a master's certificate of sale to defendant is not admissible to show that defendant is not accountable for the rent.

2. LANDLORD AND TENANT, § 131*—*when tenant estopped from denying landlord's title.* A tenant in possession is estopped from denying title of his landlord, and he must surrender possession before he can assail that title or set up title in himself.

3. LANDLORD AND TENANT. § 321*—*when evidence of a claim for repairs by tenant, inadmissible.* In an action for rent under a lease requiring lessee to keep premises in repair at his own expense and to make no alterations except with lessor's consent, evidence offered by defendant of a claim for repairs made by him without lessor's consent, *held* inadmissible.

4. MORTGAGES, § 607*—*rights of holder of certificate of sale.* Holder of a certificate of sale is not entitled to possession of the premises or to the rents, issues or profits thereof during the period of redemption.

---

John Dadie, Administrator, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 17,981. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.